IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: | Bankruptcy No. 10-27336-CMB |
| LAMONT L. GILLIAM, SR., | Chapter 7 |
| Debtor. |  |
| PAUL T. BAIR, | Adv. No. 11-02221-CMB |
| Plaintiff, | Adv. Doc. No. 3 |
| v. |  |
| LAMONT L. GILLIAM, SR., |  |
| Defendant. |  |

**MEMORANDUM OPINION**

The matter before the Court is Paul T. Bair's Amended Complaint seeking a declaration of nondischargeability of a debt of $4,159.64 owed to him by Debtor.[1] Plaintiff asserts that the debt should not be discharged pursuant to 11 U.S.C. §523 as Debtor failed to disclose all sources of his income in his bankruptcy schedules and perjured himself. For the reasons stated herein, we find that Plaintiff has not met his burden under §523 and the relief sought must be denied.

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(I). The Court issues this Memorandum Opinion and enters the accompanying Order of Court as a final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), that this Court does not have the authority to enter final judgment in this action, then the Memorandum Opinion and Order shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

1

I.	Background

    Plaintiff sued Debtor for rent due under a residential lease and obtained a judgment against Debtor in the Allegheny County Court of Common Pleas for $4,159.64. Subsequently, Debtor filed for Chapter 7 relief. On April 27, 2011, Plaintiff commenced the above-captioned adversary proceeding contending that this debt should be declared nondischargeable. Plaintiff is not represented by counsel.[2] Therefore, the Court has shown leniency toward Plaintiff in construing his pleadings and arguments and scheduled a trial to provide him with a full opportunity to prove his case.

    From the commencement of this case, there has been some confusion as to the grounds upon which Plaintiff seeks the requested relief. A status conference was held on January 18, 2012. At that time, the Court directed Plaintiff to advise whether he was objecting to Debtor's discharge pursuant to 11 U.S.C. §727, objecting to the dischargeability of his debt alone pursuant to 11 U.S.C. §523, or seeking relief pursuant to both sections of the Bankruptcy Code. The Court explained that each section requires different elements to be proven. Plaintiff was not prepared to provide a definitive answer at the status conference. However, at trial on February 29, 2012, Plaintiff advised the Court that he was seeking a finding of nondischargeability of the debt owed to him pursuant to 11 U.S.C. §523. Therefore, the Court will consider only whether Plaintiff met his burden pursuant to that particular section of the Bankruptcy Code.

    At trial, no testimony was presented. Plaintiff introduced several documents into the record. Debtor was not present. At the close of Plaintiff's presentation, counsel for Debtor

---

[2] Throughout the proceedings, Gregg Harrington, Sr., having been granted power of attorney by Plaintiff, has appeared with Plaintiff and spoken on his behalf. Neither Plaintiff nor Mr. Harringon is an attorney.

2

contended that, even if all allegations made by Plaintiff were true, Plaintiff had not met his burden pursuant to §523. The matter was taken under advisement and is now ripe for decision.

### II.    Facts

As provided in his Pretrial Statement, Plaintiff asserts that Debtor perpetrated fraud against him by providing inaccurate information regarding his income to the bankruptcy court thereby misrepresenting his ability to pay the debt. The allegations in this proceeding focus upon Debtor's failure to disclose all sources of income to the Court both in the instant bankruptcy case and a previous bankruptcy case filed in 1995. Plaintiff contends that by failing to accurately report income in this and the previous case, Debtor has consistently perjured himself. Accordingly, Plaintiff contends that the debt owed to him should be declared nondischargeable.

While Plaintiff questions some additional items, the main point of contention is Debtor's failure to disclose monthly income from an annuity in the amount of $1,500 per month. Debtor's Schedule I was amended to include this information but only after Plaintiff made the Trustee aware of the omission. The amended schedule was docketed on May 10, 2011, after this adversary proceeding began and approximately five months after Debtor filed his bankruptcy petition.

It is clear that Debtor initially failed to disclose the monthly annuity payments in his bankruptcy schedules. Debtor did not appear at trial to offer an explanation for the omission, and based upon the evidence presented, it is unclear to the Court whether this was a mistake or an intentional act. However, for the reasons set forth herein, the facts presented simply do not support a declaration of nondischargeability pursuant to any provision of §523.

3

**III.     Discussion**

In seeking to establish an exception to discharge pursuant to §523, Plaintiff bears the burden of proof by a preponderance of the evidence. *See Jones v. Dressler* (*In re Dressler*), 431 B.R. 127, 130 (Bankr. W.D. Pa. 2010). As the Plaintiff did not identify a particular provision of §523 which entitles him to the relief sought, the Court has considered which, if any, is applicable based upon the allegations made and facts presented. A number of subsections clearly do not apply to the facts of this case.[3] Therefore, we turn to some of the potentially applicable subsections of §523. These too can be quickly reviewed and disposed of without extensive analysis.

Section 523(a)(2) excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by" the following:

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition;
> (B) use of a statement in writing (i) that is materially false; (ii) respecting the debtor's . . . financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with the intent to deceive[.]

---

[3] The following subsections require no discussion as they are clearly inapplicable to this case: (a)(1) addressing debts for a tax or customs duty; (a)(4) addressing debts for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; (a)(5) addressing debts for domestic support obligations; (a)(7) addressing fines, penalties, or forfeitures that are payable and for the benefit of a governmental unit; (a)(8) addressing educational loans; (a)(9) addressing specific debts for death or personal injury; (a)(11) addressing acts committed with respect to a depository institution or insured credit union; (a)(12) addressing failures to fulfill commitments to a Federal depository institutions regulatory agency; (a)(13) addressing restitution orders issued for a criminal offense; (a)(14) and (14A) addressing debts incurred to pay taxes; (a)(14B) addressing debts incurred to pay fines or penalties imposed under Federal election law; (a)(15) addressing debts to a spouse, former spouse, or child of a debtor; (a)(16) addressing association fees and assessments that become due postpetition; (a)(17) addressing court-imposed fees on a prisoner; (a)(18) addressing debts for repayment of certain retirement plan loans; and (a)(19) addressing debts for violation of federal or state securities laws.

In this case, the underlying debt is for rent owed with respect to a residential lease. Plaintiff has not alleged any fraudulent conduct or representations by Debtor with respect to obtaining the residential lease and the creation of the debt. Rather, Plaintiff has accused Debtor of falsely representing his income after-the-fact in this bankruptcy case. To the extent Plaintiff asserts Debtor misrepresented income in his 1995 bankruptcy case, Plaintiff introduced no evidence of his reliance on that information in connection with the creation of the debt. In fact, Plaintiff only obtained the documents filed in the previous case in connection with this proceeding. For purposes of §523(a)(2)(A), "as a threshold matter, the fraud or false representation of a debtor is not actionable (i.e., is not relevant) . . . unless the subject of the debt that is sought to be declared nondischargeable . . . is obtained by such fraud or false representation. *See Dressler*, 431 B.R. at 131. As to §523(a)(2)(B), the subject of the debt that is sought to be declared nondischargeable must be obtained by a materially false written statement that was relied upon by a creditor. Thus, the facts do not support a declaration of nondischargeability pursuant to §523(a)(2).

Section 523(a)(3) excepts from discharge debts which were not listed or scheduled. Here, Plaintiff does not allege that Debtor failed to schedule the debt owed to Plaintiff. Rather, he alleges that Debtor failed to list all of his income in Schedule I. That is not a violation of §523(a)(3) and a finding of nondischargeability on this basis is not warranted.

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" In order for a debt to be nondischargeable pursuant to this subsection, "the debt must derive from a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Elliott v. Kiesewetter* (*In re Kiesewetter*), 391 B.R. 740, 749 (Bankr. W.D. Pa. 2008). As previously stated the underlying debt resulted from nonpayment of rent. It is clear that Debtor failed to pay

5

amounts owed to Plaintiff and that Plaintiff suffered damages. However, without any evidence of deliberate or intentional injury to Plaintiff or his property, Plaintiff cannot successfully establish that his debt is nondischargeable pursuant to this provision. The focus of Plaintiff's presentation at trial was to establish that Debtor intentionally misrepresented his income to the Court. Plaintiff did not present evidence to establish that the underlying debt derives from a deliberate or intentional injury. Therefore, relief pursuant to this subsection is not appropriate.

Section 523(a)(10) addresses debts that were or could have been listed in a previous bankruptcy case in which the debtor either waived discharge or was denied discharge. Although Plaintiff did raise the issue of Debtor's previous bankruptcy case, that case was only addressed to note that Debtor failed to properly identify the amount he received from the same annuity which he failed to initially disclose in the instant bankruptcy case. Based on the facts presented, the debt to Plaintiff did not arise until after the previous bankruptcy case closed. Therefore, §523(a)(10) is not applicable to these facts.

Therefore, after a thorough review, we find that Plaintiff has failed to prove the debt is nondischargeable on any basis pursuant to §523. This is not to say that Debtor has acted appropriately. The Court is cognizant of, and sympathetic to, Plaintiff's position that perjury and failure to disclose income constitute serious misconduct. There are consequences when a debtor commits perjury or fails to comply with his duties under the Bankruptcy Code. However, the only matter currently before the Court is whether the debt owed to Plaintiff is nondischargeable pursuant to §523. Plaintiff simply has not met his burden.

**IV.    Conclusion**

As Plaintiff has not met his burden pursuant to §523, the request for a declaration of nondischargeability is denied. An appropriate order will be entered.

Date:  April 2, 2012              __/s/ Carlota M. Böhm_____
                                                       Carlota M. Böhm
                                                       United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
    Office of the United States Trustee
    Rosemary C. Crawford, Esq., Chapter 7 Trustee
    Paul T. Bair, Plaintiff
    Brian J. Bleasdale, Counsel to Debtor
    Lamont L. Gilliam, Debtor